## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**CLARENCE ARCHIE BRIGGS**                                         **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 3:06CV-P581-S**

**OFFICER LLOYD** *et al.*                                        **DEFENDANTS**

### MEMORANDUM OPINION

Alleging an Eighth Amendment violation and seeking damages, Plaintiff Clarence Archie Briggs filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, against Louisville Metro Corrections Officer Lloyd and Director Tom Campbell (DN 1). He sues Officer Lloyd in both his individual and official capacities and sues Director Campbell in his official capacity only. Plaintiff alleges that on August 3, 2006, while he was standing in his cell's doorway talking to a nurse at Metro Corrections, "out of know where the Door slam hitting me in the Back real hard." Plaintiff threw his left hand up to keep from hitting the door frame where the door closed together. When he asked Officer Lloyd, "why you hit me with the Door," Officer Lloyd "got real nasty and said step in and push[ed] the Door Control button a Second time as if he was going to hit me agian." In a letter filed subsequent to the complaint, which the Court construes as a supplement, Plaintiff advises, "I am still in Great Pain and I am still being treated . . . from that incident." (DN 10).

Because Plaintiff is a prisoner seeking redress from governmental officials and employees, the Court must review the instant action under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

Upon initial review, the Court will dismiss the official capacity claims against Defendants Lloyd and Campbell. If an action is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, in the case at bar, Plaintiff's official capacity claims as to Officer Lloyd and Director Campbell are actually brought against the Louisville Metro government.

A municipality, however, cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original). Rather, "the touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. Simply stated, a plaintiff must "identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

In the instant case, Plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims. Plaintiff merely describes one incident occurring in August 2006. Nothing in the complaint demonstrates that Defendant Lloyd's alleged

wrongdoing occurred as a result of a policy or custom endorsed by the Louisville Metro government. Accordingly, the complaint fails to establish a basis of liability against the Louisville Metro government and, therefore, fails to state a cognizable official capacity claim.

Despite dismissal of the official capacity claims, the Court will allow the remaining Eighth Amendment, individual capacity claim against Officer Lloyd to proceed. In so doing, the Court passes no judgment on the merit and ultimate outcome of the case.

The Court will enter Orders consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
　　　Defendants
　　　Jefferson County Attorney
4411.005